UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY HUFF, et al.,<br><br>   Plaintiffs,<br><br>  v.<br><br>THOUSANDSHORES, INC., et al.,<br><br>   Defendants. | Case No. 21-cv-02173-HSG<br><br>**ORDER DENYING ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 39 |

  Pending before the Court is Plaintiffs Anthony Huff, Estate of J.H., and minor child's ("Plaintiffs") administrative motion to file under seal their Motion for Approval of Compromise of Pending Action Involving Minor, as well as the Settlement Agreement and an accompanying declaration. *See* Dkt. No. 39. For the reasons explained below, the Court **DENIES** the administrative motion to seal.

## I. LEGAL STANDARD

  Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in

1   disclosure and justify sealing court records exist when such 'court files might have become a
2   vehicle for improper purposes,' such as the use of records to gratify private spite, promote public
3   scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v.*
4   *Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).  "The mere fact that the production of records
5   may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not,
6   without more, compel the court to seal its records." *Id.*

7   Records attached to non-dispositive motions must meet the lower "good cause" standard of
8   Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only
9   tangentially related, to the underlying cause of action." *Id.* at 1179–80 (quotations omitted).  This
10  requires a "particularized showing" that "specific prejudice or harm will result" if the information
11  is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th
12  Cir. 2002); *see also* Fed. R. Civ. P. 26(c).  "Broad allegations of harm, unsubstantiated by specific
13  examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966
14  F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

15  **II.    DISCUSSION**

16  Because approval of the compromise of the action will likely terminate this suit, the Court
17  will apply the "compelling reasons" standard to Plaintiffs' administrative motion to file under seal.
18  *See Sever v. Icon Aircraft, Inc.*, No. 18-CV-00584, 2019 WL 343469, at *2 (N.D. Cal. Jan. 28,
19  2019); *Doe v. Mt. Diablo Unified Sch. Dist.*, No. 14-CV-02167, 2015 WL 5438951, at *2 (N.D.
20  Cal. Sept. 14, 2015); *see also Keirsey v. eBay, Inc.*, No. 12-CV-1200, 2013 WL 5609318, at *2
21  (N.D. Cal. Oct. 11, 2013) ("[A] motion seeking the Court's preliminary approval of the settlement
22  of the case may be effectively dispositive. While the Court has not identified any authority
23  discussing the appropriate standard for a motion of this type, the Court concludes that the
24  'compelling reasons' standard is the appropriate standard.").

25  Plaintiffs seek to seal the Motion, Settlement Agreement, and accompanying declaration
26  because confidentiality is an "essential" term of the Settlement Agreement and because the
27  documents contain confidential information about the identity of the minor child. *See* Dkt. No. 39
28  at 5.

1    The Court finds that Plaintiffs have failed to articulate "compelling reasons" to seal these
2    documents in their entirety.  To begin, the parties' preference that their settlement remain
3    confidential does not outweigh the "general history of access and the public policies favoring
4    disclosure, such as the public interest in understanding the judicial process' and 'significant public
5    events.'" *Doe*, 2015 WL 5438951, at *2 (*quoting Kamakana*, 447 F.3d at 1178–79) (internal
6    citations, quotation marks, and alterations omitted); *see also M.P. ex rel. Provins v. Lowe's
7    Companies, Inc.*, No. 2:11-CV-01985, 2012 WL 1574801, at *2 (E.D. Cal. May 3, 2012) ("Once
8    the matter is brought to the court for resolution, it is a public matter. It is immaterial that sealing of
9    the settlement agreement is an integral part of a negotiated settlement between the parties.")
10   (internal citation and quotation marks omitted).

11   The Court is also not persuaded that the parties need to seal the entire motion, settlement
12   agreement, and accompanying declaration to protect the identity of the minor.  The very few
13   references to the minor in the Settlement Agreement, for instance, simply state the minor's
14   initials—which is the same information already publicly available through the docket and included
15   in the pleadings.  But even if there were compelling reasons to seal this information, Plaintiffs
16   have failed to explain why discrete redactions would not suffice.  This is insufficient.  *See Estate
17   of Levingston v. Cty. of Kern*, No. 16-cv-00188-DAD, 2017 WL 4700015, at *2 (E.D. Cal. Oct.
18   19, 2017) (denying request to seal petition for approval of minor's compromise because the
19   confidential information and addresses of the settling minors could be redacted); *Ambriz v. CVS
20   Pharmacy, Inc.*, No. 119-CV-01391-NONE-BAM, 2020 WL 4368364, at *2 (E.D. Cal. July 30,
21   2020) (denying joint application to file minor's compromise under seal because the nature of the
22   action and existence of settlement were already publicly known through the docket, and personal
23   and sensitive information could be redacted rather than sealed in its entirety); *M.P. ex rel. Provins
24   v. Lowe's Companies, Inc.*, No. 2:11-CV-01985–GEB, 2012 WL 1574801, at *2 (E.D. Cal. May 3,
25   2012) (denying request to seal petition for approval of minor's compromise because the proffered
26   interest in protecting minor's information was belied by the fact that other filings included
27   references to the minor).
28   There may well be some information in Plaintiffs' motion and supporting documents that

meets the compelling reason standard and should be shielded from public disclosure. But Plaintiffs have neither made a narrowly tailored request nor articulated a compelling reason to seal each category of information identified. Accordingly, Plaintiffs' motion to seal is **DENIED** without prejudice.

### III.  CONCLUSION

Plaintiffs' motion to seal is **DENIED** without prejudice. Should Plaintiffs wish to file a revised motion to seal that complies with Civil Local Rule 79-5, they must do so by December 8, 2021. Such a "future motion to seal must identify a compelling reason to seal and propose tailored redactions of only the information to which that compelling reason applies." *Doe*, 2015 WL 5438951, at *2. If Plaintiffs do not file a revised motion to seal by December 8, 2021, the Court will consider Plaintiffs' Petition to Approve Compromise of Pending Action Involving Minor as currently filed. *See* Dkt. No. 39-3.

**IT IS SO ORDERED.**

Dated: 12/1/2021

HAYWOOD S. GILLIAM, JR.
United States District Judge

4