UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY HUFF, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>THOUSANDSHORES, INC., et al.,<br><br>　　　　Defendants. | Case No. 21-cv-02173-HSG<br>(REDACTED)<br><br>**ORDER GRANTING PLAINTIFFS' PETITION TO APPROVE COMPROMISE OF PENDING ACTION INVOLVING MINOR AND ASSOCIATED ADMINISTRATIVE MOTION TO SEAL**<br><br>Re: Dkt. No. 41 |

Before the Court is Plaintiffs Anthony Huff's, Estate of J.H.'s, and minor child's (collectively, "Plaintiffs") unopposed motion for approval of the aspects of settlement pertaining to the minor child ("Minor" or "Minor Plaintiff"). *See* Dkt. No. 41-3 ("Mot."). Plaintiffs have also filed an administrative motion to file under seal limited portions of their motion as well as an accompanying declaration. *See* Dkt. No. 41. For the reasons explained below, the Court **GRANTS** both the motion and the associated administrative motion to seal.

## I. BACKGROUND

On March 29, 2021, Plaintiffs brought this product liability lawsuit against Thousandshores, Inc., Shenzhen Thousandshores Technology Co., Ltd., and Amazon.com Services, LLC ("Defendants"). *See* Dkt. No. 1. The Complaint alleges that twenty-three-month-old Johnathan Huff died as a result of swallowing a lithium-ion button battery that fell out of an "ESKY" brand wireless key finder remote. *See id.* The Minor is Johnathan's brother and is represented by his father in this action. *See* Mot. at 1. Plaintiffs contend that the key finder remote was manufactured, imported, and/or offered for sale by Defendant Thousandshores, and was sold, distributed, and fulfilled by Defendant Amazon, without having sufficient warnings or a sufficient securing mechanism to prevent a battery from easily falling out. *See* Dkt. No. 1.

On September 16, 2021, the parties filed a Notice of Settlement. Dkt. No. 37. On November 14, 2021, the parties executed a settlement agreement that resolves all issues and disputes in this action and releases all claims that could have been brought by the Plaintiffs or other family members in connection with the events of the incident. *See* Mot. at 2. The Settlement Agreement is contingent upon the Court's approval of the minor's compromise, which Plaintiffs' Motion now accordingly seeks. *See id.*

## II. LEGAL STANDARD

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011); *see* Fed. R. Civ. P. 17(c) (providing that district court "must appoint a guardian *ad litem*—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action"). When there is a proposed settlement in a suit involving a minor plaintiff, this "special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Robidoux*, 638 F.3d at 1181 (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)). As part of this inquiry, the "court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem." *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983). The district court must review "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1182. But the court must disregard the "proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel" because the court has "no special duty to safeguard" their interests. *Id.*

## III. DISCUSSION

### A. Motion for Approval of Compromise of Pending Action Involving Minor

Based on its review of Plaintiffs' submissions, the Court finds that the proposed settlement serves the best interests of the Minor. Under the terms of the Settlement Agreement, Plaintiffs

2

will allocate portions of the Settlement to Anthony Huff (the deceased's father), Jacqueline Huff (the deceased's mother), and the Estate of J.H., and a portion to the Minor. Mot. at 3. The amount of ▮▮▮▮▮ will be allocated to the Minor, out of which the law firm of Buche & Associates, P.C. will be compensated 45%. *Id.* Accordingly, the Minor will receive a net settlement amount of ▮▮▮▮▮, which will be placed in a fiduciary irrevocable trust. *Id.* at 4.

The Court finds that the Settlement Agreement treats the Minor fairly. The Minor asserted one claim as a bystander who observed the events and suffered emotional distress. *See* Dkt. No. 1. Given the Minor's young age and the fact that he did not incur any appreciable medical expenses for injuries, the Court finds that the net settlement amount of ▮▮▮▮▮ is reasonable. *See* Mot. at 4. The Court also finds that the attorneys' recovery in this case is reasonable because of their experience and the risk they undertook in advancing all costs in connection with the representation of the Plaintiffs in this potentially complex and lengthy product liability case. *See id.* at 4-7.

Accordingly, the Court **GRANTS** the motion for approval of the compromise of the action.

### B. Motion to Seal

Plaintiffs have also filed an administrative motion to file under seal limited portions of the Petition to Approve Compromise of Pending Action Involving Minor and its supporting Declaration of John K. Buche. *See* Dkt. No. 41.

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations

omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Records attached to non-dispositive motions must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only tangentially related, to the underlying cause of action." *Id.* at 1179–80 (quotations omitted). This requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

Because approval of the compromise of the action will likely terminate this suit, the Court will apply the "compelling reasons" standard to Plaintiffs' administrative motion to file under seal. *See Sever v. Icon Aircraft, Inc.*, No. 18-CV-00584, 2019 WL 343469, at *2 (N.D. Cal. Jan. 28, 2019); *Doe v. Mt. Diablo Unified Sch. Dist.*, No. 14-CV-02167, 2015 WL 5438951, at *2 (N.D. Cal. Sept. 14, 2015); *see also Keirsey v. eBay, Inc.*, No. 12-CV-1200, 2013 WL 5609318, at *2 (N.D. Cal. Oct. 11, 2013) ("[A] motion seeking the Court's preliminary approval of the settlement of the case may be effectively dispositive. While the Court has not identified any authority discussing the appropriate standard for a motion of this type, the Court concludes that the 'compelling reasons' standard is the appropriate standard.").

The Court denied Plaintiffs' earlier administrative motion to seal the Motion, Settlement Agreement, and accompanying declaration because Plaintiffs failed to articulate compelling reasons to seal the documents in their entirety. *See* Dkt. No. 40. Plaintiffs' present administrative motion remedies this issue by seeking to seal only the amount that the Minor will receive from the

settlement agreement.  *See* Dkt. No. 41.  Plaintiffs seek to seal this information to protect the minor's privacy interests and to "prevent third parties from targeting the child or soliciting the child when the child is old enough to control the funds." *Id.* at 5.  The Court agrees that there are compelling reasons to seal the amount that the Minor will receive from the settlement agreement. *See Lauris v. Novartis AG*, Case No. 1:16-cv-00393-SAB, ECF No. 428, pg. 5 (E.D. Cal. Oct. 26, 2018) (finding compelling reasons to seal the amount a minor would receive in a settlement because "[d]isclosing the amount the minor receives in settlement of this action could subject her to ill-intended solicitations at a time when she is financially vulnerable and away from the stable influences of her family.").  The Court accordingly **GRANTS** the Motion to Seal.

### IV. CONCLUSION

For the reasons described above, the Court **GRANTS** the Motion for Approval of Compromise of Pending Action Involving Minor and the associated Motion to Seal.  The parties are **DIRECTED** to file a stipulated dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), which does not require an order of approval from the Court, by January 14, 2022. Docket No. 25 is accordingly **TERMINATED AS MOOT.**

**IT IS SO ORDERED.**

Dated:  1/5/2022

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge